IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CARLOS ARTHUR POWELL,

     Plaintiff,               CV F 05 0134 AWI WMW   P

  vs.                             FINDINGS AND RECOMMENDATION

BERNIE ELLIS, et al.,

     Defendants.

Plaintiff is a federal prisoner proceeding pro se and in forma pauperis in this civil rights action.  Plaintiff seeks relief pursuant to <u>Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971).   This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

A <u>Bivens</u> cause of action is a judicially created counterpart to 42 U.S.C. § 1983 for claims against federal officers.  Since federal officials do not ordinarily act under color of state law, constitutional violations by federal officials are generally beyond the reach of § 1983.  <u>Bivens</u> established that "victims of a constitutional violation by a federal agent have a right to recover damages against the official in federal court despite the absence of any statute conferring such a right."  <u>Bivens</u>, 403 U.S. at 396.

This action proceeds on the complaint.  Plaintiff brings this action against individual defendants employed by Wackenhut Correctional Corporation at the Federal Correctional

1    Institution at Taft.   FCI Taft is a federal correctional facility operated under contract for the U.S.

2    Bureau of Prisons by Wackenhut.   The defendants names in this action are employees of

3    Wackenhut.    Plaintiff names as defendants the following individuals: Bernie Ellis, Warden; Al

4    L. Johnson, Counselor; Lieutentan Sy; C. Mann; Dale Patrick; Ms. Sturgens; Officer Barby.

5           The first amended complaint alleges that Plaintiff was subjected to torture and sexual

6    harassment.  Plaintiff sought redress through the grievance process, and alleges that he suffered

7    retaliation for doing so.  Plaintiff alleges that he was placed in the Security Housing Unit in

8    retaliation.  While in the SHU, Plaintiff alleges that he was deprived of his diabetes medication,

9    and certain items of his legal mail was confiscated.

10          The court is required to screen complaints brought by prisoners seeking relief against a

11   governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).

12   The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

13   legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or

14   that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C.

15   § 1915A(b)(1),(2); See Barren v. Harrington, 152 F. 3d 1193 (9th Cir. 1998).

16          Lawsuits against federal officials for constitutional deprivations that occur under color of

17   federal law are actionable pursuant to Bivens.  Like state prisoners suing under 42 U.S.C. §

18   1983, federal prisoners proceeding under Bivens may sue relevant officials in their individual

19   capacity only.  While this doctrine provides for private rights of action for violations of the

20   Fourth Amendment, Bivens, 403 U.S, 388 (1971), the Eighth Amendment, Carlson v. Green, 446

21   U.S. 14 (1980), and the Fifth Amendment Due Process Clause, Davis v. Passman, 442 U.S. 228

22   (1979), the U.S. Supreme Court has been reluctant to extend Bivens to claims where Congress

23   has already provided "an avenue for some redress."  Correctional Services Corporation v.

24   Malesko, 534 U.S. 61, 68-69 (2001)(declining to infer a constitutional tort remedy against a

25   private corporation.); Libas Ltd. v. Carrillo, 329 F.3d 1128, 1130 (9th Cir. 2003)(precluding

26

2

1   Bivens claims where Congress has provided an alternative remedy).

2           In Malesko, the Supreme Court was confronted with a claim similar to the case before the

3   court in this action.   Malesko involved a Bivens claim against a private prison contractor for an

4   Eighth Amendment violation.  Chief Justice Rehnquist reviewed the background of Bivens,

5   noting that it is a judicially created measure crafted to provide a remedy where none existed.

6   Chief Justice Rehnquist noted that the Supreme Court declined an invitation to extend Bivens to

7   permit suit against a federal agency, even though the agency was otherwise amenable to suit.

8   FDIC v. Meyer, 510 U.S. 484-486 (1994).    The Court specifically held that

9               From this discussion, it is clear that the claim urged by respondent
                is fundamentally different from anything recognized in *Bivens* or
10              subsequent cases.  In 30 years of *Bivens* jurisprudence we have
                extended its holding only twice, to provide an otherwise
11              nonexistent cause of action against *individual officers* alleged to
                have acted unconstitutionally, or to provide a cause of action for a
12              plaintiff who lacked *any alternative remedy* for harms caused by
                an individual officer's unconstitutional conduct.  Where such
13              circumstances are not present, we have consistently rejected
                invitations to extend *Bivens*, often for reasons that foreclose its
14              extension here.

15          Malesko, 534 U.S.  at 70.

16

17          The only circuit courts that have addressed the issue since Malseko are the Tenth Circuit

18  and the Fourth Circuit.  Both courts, following Malesko, have declined to extend Bivens to hold

19  individual employees of a private corporation liable.

20          The Tenth Circuit, in Peoples v. CCA Detention Centers, 422 F.3d 1090 (10th Cir. 2005),

21  refused to recognize a Bivens claim against individual employees of a private corporation

22  housing pretrial detainees pursuant to a contract with the United States.  The Peoples court

23  followed the reasoning of Malesko that the purpose of Bivens is to provide an otherwise

24  nonexistent cause of action against individual officers or to provide a cause of action for a

25  plaintiff who lacked any alternative remedy.  Peoples, 422 F.3d at 1099-1100.   The plaintiff in

26  Peoples, as did the plaintiff in Malesko, had an alternative remedy.

1    The Fourth Circuit, in <u>Holly v. Scott</u>, 434 F.3d 287 (4th Cir. 2006), *cert. denied* – U.S. – ,

2    126 S.Ct. 2333 (2006), reiterated that the purpose of <u>Bivens</u> was to deter individual "federal

3    officers" from committing constitutional violations.  The court went on to hold that employees of

4    a private corporation under contract with the Federal Government were not "federal officials,

5    federal employees, or even independent contractors in the service of the federal government.

6    Instead, they are employed by GEO, a private corporation." <u>Id</u>. at 292.   The court emphasized

7    that in the context of constitutional claims raised under 42 U.S.C. § 1983, courts have insisted

8    that as a prerequisite to liability, the "conduct allegedly causing the deprivation of a right be

9    fairly attributable to the state."  <u>Id</u>. (*citing* <u>Lugar v. Edmonson Oil Co.</u>, 457 U.S. 922, 937

10   (1982)).  There was no suggestion in <u>Holly</u>, however, "that the federal government [had] any

11   stake, financial or otherwise, in GEO.  Nor [was] there any suggestion that federal policy played

12   a part in defendants alleged failure to provide adequate medical care, or that defendants colluded

13   with federal officials in making the relevant decisions."  <u>Id</u>.

14   The Fourth Circuit also expressed its reluctance to extend <u>Bivens</u> on the basis that <u>Bivens</u>

15   . . . is a judicial creation" without legislative sanction.  <u>Id</u>.  As such, the court noted that the

16   "danger of federal courts' failing to 'respect the limits of their own power' increases

17   exponentially" with the extension of <u>Bivens</u> to such circumstances.  <u>Id</u>.  The court also

18   recognized the availability of superior causes of action available to plaintiff under the state law

19   of negligence and concluded that the extension of a judicially implied remedy was therefore

20   inappropriate. <u>Id</u>. at 295-296.

21   This court finds the holdings of the Tenth and Fourth Circuit Courts of Appeal

22   persuasive.  This court too cannot ignore the reluctance of the United States Supreme Court to

23   extend <u>Bivens</u> as <u>Bivens</u> is "implied without any express congressional authority whatsoever."

24   <u>Holly v. Scott</u>, 434 F.3d 287, 290 (4th Cir. 2006).  Further, as in <u>Peoples</u> and <u>Holly</u>, Plaintiff has

25

26

4

1   alternative and superior remedies available to him in state court.[1]   In light of the existing

2   alternative remedies available to Plaintiff, the court finds that extending Bivens would not

3   provide Plaintiff with an otherwise nonexistent cause of action.   Nor would extending Bivens

4   deter future unconstitutional conduct by federal officers as the Defendants are employees of a

5   private corporation.   As such, the court finds that this case does not present circumstances

6   warranting the extension of Bivens.

7          Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed.

8          These findings and recommendations are submitted to the United States District Judge

9   assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636 (b)(1)(B).   Within

10  twenty days after being served with these findings and recommendations, plaintiff may file

11  written objections with the court.   Such a document should be captioned "Objections to

12  Magistrate Judge's Findings and Recommendations."   Plaintiff is  advised that failure to file

13  objections within the specified time waives all objections to the judge's findings of fact.   See

14  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998).   Failure to file objections within the

15  specified time may waive the right to appeal the District Court's order.   Martinez v. Ylst, 951

16  F.2d 1153 (9th Cir. 1991).

17

18

19  IT IS SO ORDERED.

20  **Dated:    September 11, 2006            /s/  William M. Wunderlich**
    mmkd34                                    UNITED STATES MAGISTRATE JUDGE

21

22

23          [1] Plaintiff may bring an action under the state law of negligence and for medical negligence.
24  Ca. Civ. Code §§ 1714, 1714.8, 333.2, 352.3. As noted by the U.S. Supreme Court in Malesko, the
    Eighth Amendment deliberate indifference standard is heightened and more difficult to prevail on
    than a theory of ordinary negligence. Malesko, 534 U.S. at 74 (citing Farmer v. Brennan, 511 U.S.
25  825, 835 (1994)("[D]eliberate indifference describes a state of mind more blameworthy than
26  negligence.")).