1

2                    IN THE UNITED STATES DISTRICT COURT

3                  FOR THE EASTERN DISTRICT OF CALIFORNIA

4

5

6

7

8

9   CARLOS A. POWELL,

10              Plaintiff,                    CV F 05 0134 AWI WMW P

11       vs.                                  FINDINGS AND RECOMMENDATION

12
    GLOBAL EXPERTS IN OUTSOURCING, et al.,
13
                Defendants.
14

15
            Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42
16
    U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C.
17
    § 1915.
18
            On September 12, 2006, the court sent plaintiff a recommendation that this action
19
    be dismissed for failure to state a claim.   On September 27, 2006,  the order served on plaintiff
20
    was returned by the U.S. Postal Service as undeliverable.
21
            Pursuant to Local Rule 83-183(b), a party appearing in propria persona is required
22
    to keep the court apprised of his or her current address at all times.  Local Rule 83-183(b)
23
    provides, in pertinent part:
24

25
            If mail directed to a plaintiff <u>in propria persona</u> by the Clerk is
26

                                              1

returned by the U.S. Postal Service, and if such plaintiff fails to
notify the Court and opposing parties within sixty (60) days
thereafter of a current address, the Court may dismiss the action
without prejudice for failure to prosecute.

In the instant case, sixty days have passed since plaintiff's mail was returned and he has not

notified the court of a current address.

In determining whether to dismiss an action for lack of prosecution, the court

must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2)

the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public

policy favoring disposition of cases on their merits; and (5) the availability of less drastic

sanctions.  Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); Carey v. King, 856 F.2d

1439 (9th Cir. 1988).  The court finds that the public's interest in expeditiously resolving this

litigation and the court's interest in managing the docket weigh in favor of dismissal.  The court

cannot hold this case in abeyance indefinitely based on plaintiff's failure to notify the court of

his address.  The third factor, risk of prejudice to defendants, also weighs in favor of dismissal,

since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an

action.  Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor -- public

policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in

favor of dismissal discussed herein.  Finally, given the court's inability to communicate with

plaintiff based on plaintiff's failure to keep the court apprised of his current address, no lesser

sanction is feasible.

Accordingly, the court HEREBY RECOMMENDS that this action be dismissed

for plaintiff's failure to prosecute.

These findings and recommendations are submitted to the United States District

Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within

thirty days after being served with these findings and recommendations, plaintiff may file written

objections with the court.  Such a document should be captioned "Objections to Magistrate

1    Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections

2    within the specified time may waive the right to appeal the District Court's order.  Martinez v.

3    Ylst, 951 F.2d 1153 (9th Cir. 1991).

4    IT IS SO ORDERED.

5    **Dated:    January 19, 2007**                    /s/  **William M. Wunderlich**
     mmkd34                              UNITED STATES MAGISTRATE JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26